IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JEREMY RAY,

    Plaintiff,

vs.

CARL HUMPHREY; RANDALL
HOLDEN; SARA DRAPER;
DERRICK SCHOFIELD, and
JAMES DONALD,

    Defendants.

CIVIL ACTION NO.: CV506-022

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Ware State Prison in Waycross, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b).  As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490.  The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief.  <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490.  While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that the minimum balance requirement for prisoner's accounts within the prison system, established by the Georgia Department of Corrections as a Standard Operating Procedure, is a violation of his constitutionally protected rights. Plaintiff avers that it is a Standard Operating Procedure to maintain a minimum balance of ten dollars, which an inmate may not deduct from, but the prison may deduct from to cover any charges the inmate has accrued. Plaintiff wishes to hold Defendants Humphrey, Holden, Draper, Schofield, and Donald liable for enforcing this procedure.

For the Defendants to be held liable, Plaintiff must show that he has a constitutionally protected right which is being violated. Plaintiff is attempting to set forth a due process violation in the form of a deprivation of property claim. The intentional deprivation of property gives rise to a Due Process Clause violation when the State fails

to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, Plaintiff is not entitled to relief on this claim.

Plaintiff also asserts a claim that all the named defendants were conspiring to deprive him of his property right. A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that [a] defendant[ ] '"reached an understanding to violate [his] rights."' Id. (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988)). A "plaintiff does not have to produce a 'smoking gun' to establish the 'understanding' or 'willful participation' required to show a conspiracy, but must show some evidence of agreement between the defendants. Rowe at 1283-84 (quoting Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir.1990)). Plaintiff has failed to give any evidence that the Defendants reached an understanding to violate Plaintiff's constitutional rights; therefore the Plaintiff is not entitled to relief for this claim.

Based on the foregoing, it is my recommendation that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 4th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)